McConnell and another vs. McCraken, Adm'r, and others.

The term "assignor of a thing in action or contract," in section 51, chapter 137, R. S., 1858, was not intended to include a person who transfers a promissory *note* or *bill* by indorsement or delivery, but applies only to the assignors of such things in action as were, under the *Code*, made assignable at law, and were not so previously, and which the assignee, contrary to former rules, was authorized to prosecute in his own name.

Accordingly, where a person who held a negotiable note payable to bearer, secured by mortgage, transferred the note after it fell due, and assigned the mortgage, he was *held* to be a competent witness for the assignee in an action brought by him against the *administrator* and heirs of the mortgagor, for the foreclosure of the mortgage.

APPEAL from the Circuit Court for *Walworth* County.

This was an action against the *administrator* and heirs of Rufus McCraken, to foreclose a mortgage given by said Rufus to secure the joint note of himself and one V. A. Mc Craken, payable to S. C. Hall or bearer, and transferred by the payee to the plaintiffs after it fell due. The answer of the defendants alleged payment of the note by Rufus Mc Craken to S. C. Hall, before its assignment; and as a further defense, averred that said Rufus paid to Hall $50 upon the note, and delivered to him a quantity of broom corn, which he agreed to sell for said Rufus and apply the proceeds upon said note; and that Hall, before the assignment of the note, sold the broom corn and received therefor a sum of money more than sufficient to pay it. The plaintiffs replied, denying the alleged payment, and averring that the money and

June Term, 1861.

McConnell et al.
v.
McCraken, Adm'r, et al.

broom corn were not paid and delivered in discharge of said note, but in settlement of certain debts due from Rufus and V. A. McCraken to a firm of which S. C. Hall was a member.

On the hearing, after V. A. McCraken (who was the administrator and one of the heirs of Rufus) had testified to the delivery of the broom corn to Hall, and to some conversation which occurred at the time between Hall and said Rufus, the plaintiffs offered to read the deposition of S. C. Hall, for the purpose of proving the several matters alleged in their reply. The deposition was objected to on the ground that the deponent, " being the assignor of the mortgage and note in question, and the mortgagor being dead, and his administrator a party defendant, was incompetent as a witness in behalf of the plaintiffs;" and the court sustained the objection. Judgment for the defendants.

*Edson Kellogg* (with whom were *Finches, Lynde & Miller*), for appellants, contended that Hall was not an assignor of a chose in action within the meaning of sec. 51, chap. 137, R. S., 1858, and cited *Porter vs. Potter*, 18 N. Y., 52; *Calkins vs. Packer*, 21 Barb., 275; 10 How. Pr. R., 555; 2 Duer, 509.

*Carpenter & Gridley*, contra, contended that the only exception to the restriction established by sec. 51, is in the case of the transfer of negotiable paper *before* maturity. 9 Wis., 503, 511.

June 18.

*By the Court*, DIXON, C. J. Section 51 of chapter 137 of the Revised Statutes, was substantially taken from section 399 of the Code of Procedure of New York. The court of appeals, in *Porter vs. Potter*, 18 N. Y. R., 52, held that the term "assignor of a thing in action or contract," in section 399, was not intended to include a person who transfers a note or bill by indorsement or delivery. Without repeating the argument by which this conclusion is sustained, the report itself being in the hands of or accessible to nearly all of the profession, we say that we think it very clear and satisfactory. We have no doubt that the language "assignor of a contract or thing in action," in section 51, was used by the

June Term,
1861.

McCONNELL
et al.
v.
McCRAKEN,
Adm'r, et al.

legislature with reference to the new principles of pleading and evidence then introduced, and as a modification of them, and not with a view of so changing the rules of the common law as to disqualify those persons who then were and theretofore had been competent witnesses, as would be the case if it were so construed as to embrace a prior holder or indorser of a negotiable bill or note. By the common law, the fact that the witness had formerly held or had indorsed the note or bill in suit, if he was not interested, did not, under any circumstances, render him incompetent; and, with the court of appeals, we can discover no certain or probable evidence that the legislature intended to change the rule in such cases, any further than to provide that the objection of interest should no longer prevail. It seems to us that the disqualification arising from the witness having assigned the contract or thing in action, is applicable only to those contracts and things in action then made assignable at law, which were not so previously, and which the assignee, contrary to former rules, was authorized to prosecute in his own name; and that it was introduced for the purpose of avoiding the disadvantage under which it was foreseen executors, administrators and assignees would be placed, if the assignor, not being disqualified on account of interest, nor as a necessary party to the suit, were permitted to testify against them, when the other party to the contract or thing in action, and person most familiar with the facts, was dead, or his testimony could not be procured. If therefore this were an action at law against the administrator upon the note, Hall, the payee, not being an assignor within the statute, would have been a competent witness. We do not think the question is affected by its being a suit in equity to foreclose the mortgage given to secure the same note. The rules of evidence should be the same in both cases. Within the former decisions of this court, the rights and privileges of the mortgagee or holder of the security, are the same whether he proceeds at law upon the note or in equity upon the mortgage. The note was payable to Hall or bearer, and its delivery by him to the appellants carried with it his interest in the mortgage; and whether the latter was formally assigned or not, would

seem to be an immaterial circumstance in the consideration of the present question. The testimony of Hall should have been received; and as the judgment must for that reason be reversed, and a new trial awarded, it becomes unnecessary for us to consider the case upon the facts as they now appear.

Judgment reversed, and a new trial awarded.

