McHose, Adm'r, and another vs. CAIN, impleaded, etc.

WITNESS: *"Assignor of a thing in action:"* Sec. 51, ch. 137, R. S.

One who transfers a promissory note or bill by indorsement or delivery, is not an "assignor of a thing in action," within the meaning of sec. 51, ch. 137, R. S., so as to be excluded from testifying in the case there named.

APPEAL from the County Court for *Milwaukee* County.

Action by the executor and executrix of Pinney Youngs, deceased, to recover the amount of two promissory notes, purporting to have been made April 18, 1859, by "Lee & Cain," payable to their order, and by them indorsed. The complaint avers that Lee and Cain were partners in April, 1859, and that the notes were by them made and indorsed,

and were then for value delivered to Pinney Youngs & Co., and by said firm, for value, transferred to plaintiff's intestate, etc. *Cain* answered by a general denial. The firm of Pinney Youngs & Co. consisted of said intestate and one Smith; and plaintiffs having called Smith as a witness, offered to prove by him the co-partnership of the defendants at the time of the making of the notes, and the transactions and conversations between witness and defendants at that time in reference to said notes. The evidence was rejected, and judgment rendered in favor of *Cain;* from which the plaintiffs appealed.

*Palmer & Hooker*, for appellant.

*E. Mariner*, for respondent.

DIXON, C. J. This case is ruled by that of *McConnell v. McCraken, Adm'r, et al.*, 14 Wis., 83. We there held that the term "assignor of a thing in action," in sec. 51, ch. 137, R. S., does not include a person who transfers a promissory note or bill by indorsement or delivery. The witness Smith was therefore competent to give evidence as to the matters proposed to be proved by him. If there is hardship (as no one will deny) in permitting him to testify to conversations and transactions between himself and the defendant *Cain*, when *Cain* is peremptorily excluded, that is a matter which addresses itself to the discretion of the legislature, and not to the courts. We must administer the law as we find it, and have no dispensing power over statutes because they establish seemingly harsh or unjust rules. See *Wright v. Hardy, ante*, p. 348.

*By the Court.*—Judgment reversed, and a new trial awarded.